Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Dees, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>E-Service, Inc.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1. Plaintiff David Dees ("Plaintiff") brings this class action on behalf of himself and all others similarly situated against Defendant E-Service, Inc. ("Defendant") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, STANDING, AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct.

1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

**THE FAIR DEBT COLLECTION PRACTICES ACT**

5. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

6. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

7. Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

8. In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982); *see also Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014).

9. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

10. "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman*, 755 F.3d at 1117-18 (emphasis in original).

11. "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

## PARTIES

12. Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Peoria.

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

15. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16. Plaintiff is a natural person allegedly obligated to pay a debt.

17. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal dental services (the "Debt").

18. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

19. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20. In connection with the collection of the Debt, Defendant sent Plaintiff initial written communication dated May 28, 2019.

21. A true and correct copy of Defendant's May 28, 2019 letter is attached as Exhibit A.

22. Defendant's May 28, 2019 letter purports to contain the notices required in an initial communication by 15 U.S.C. § 1692g(a). *See* Exhibit A.

23. However, Defendant's May 28, 2019 letter states: "If you do notify us of a dispute, we will obtain verification of the debt and mail it to you." Exhibit A.

24. Defendant's May 28, 2019 letter fails to inform Plaintiff, or the least sophisticated consumer, that the right to verification is triggered only through written dispute. *Compare* § 1692g(a)(4), *with* Exhibit A.

25. In connection with the collection of the Debt, Defendant sent Plaintiff a subsequent written communication dated June 4, 2019.

26. A true and correct copy of Defendant's June 4, 2019 letter is attached as Exhibit B.

27. Defendant's June 4, 2019 letter states, in relevant part:

THIS ACCOUNT CAN BE SETTLED BY IMMEDIATE PAYMENT.

WE ARE ADVISING OUR CLIENT THAT THE ENTIRE CLAIM BE FORWARDED FOR DIRECT ACTION IF PAYMENT IS NOT RECEIVED WITHIN THE TIME FRAME STATED.

Exhibit B (emphasis in original).

28. Defendant's demand for immediate payment and threat of "direct action" if payment is not immediately received overshadowed Plaintiff's, or the least sophisticated consumer's, right to dispute and request verification of the Debt within the 30 day time period. *See* 15 U.S.C. § 1692g(b).

29. In connection with the collection of the Debt, Defendant sent Plaintiff a third written communication dated June 13, 2019.

30. A true and correct copy of Defendant's June 13, 2019 letter is attached as Exhibit C.

31. Defendant's June 13, 2019 letter states, in relevant part:

> DUE TO YOUR REFUSAL TO PAY FROM NUMEROUS COLLECTION ATTEMPTS YOU HAVE LEFT US NO ALTERNATIVE BUT TO RECOMMEND THAT OUR CLIENT PURSUE ON ONE OR MORE OF THE FOLLOWING ACTIONS, IF PAYMENT IS NOT RECEIVED WITHIN 10 DAYS.
>
> 1) REFER THE ACCOUNT TO INTENSIVE COLLECTIONS.
>
> 2) FORWARD THE ACCOUNT TO OUR ATTORNEY FOR LITIGATION.
>
> 3) REPORT THE AMOUNT TO A NATIONAL CREDIT REPORTING AGENCY.

Exhibit C (emphasis in original).

32. Defendant's June 13, 2019 letter also overshadows Plaintiff's, or the least sophisticated consumer's, right to dispute and request verification as it threatens Plaintiff with a list of three adverse consequences if payment is not received within 10 days—which is still within the 30 day time period.

## CLASS ACTION ALLEGATIONS

33. Plaintiff repeats and re-alleges all factual allegations above.

34. Defendant's May 28, 2019 letter is based on a form or template, labeled NTC/1, used to send an initial collection letter to consumers (hereinafter "Notice #1").

35. Defendant's June 4, 2019 letter is based on a form or template, labeled NTC/2, used to send subsequent collection letter to consumers (hereinafter "Notice #2").

36. Defendant's June 13, 2019 letter is based on a form or template, labeled NTC/3, used to send subsequent collection letter to consumers (hereinafter "Notice #3").

37. Upon information and belief, Defendant uses Notice #1, Notice #2, and Notice #3 to send series of collection letters according to regularly scheduled intervals.

38. Notice #1 purports to provide the disclosure required by 15 U.S.C. § 1692g(a)(4) but fails to inform the consumer that the right to verification is triggered only through written dispute.

39. Upon information and belief, Defendant has used Notice #1 to send initial collection letters to over 40 individuals in the State of Arizona within the year prior to the filing of the original complaint in this matter.

40. Notice #2 demands immediate payment and threatens further collection activity if payment is not received.

41. Upon information and belief, Defendant has used Notice #2 to send initial collection letters to over 40 individuals in the State of Arizona within the year prior to the filing of the original complaint in this matter and within less than 30 days from sending the consumer a letter purporting to provide the disclosures required by 15 U.S.C. § 1692g(a).

42. Notice #3 demands payment within ten days and threatens further collection activity if payment is not received.

43. Upon information and belief, Defendant has used Notice #3 to send initial collection letters to over 40 individuals in the State of Arizona within the year prior to the filing of the original complaint in this matter and within less than 20 days from sending the consumer a letter purporting to provide the disclosures required by 15 U.S.C. § 1692g(a).

44. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following classes of individuals:

**Initial Dun Class:**
All persons with an Arizona address to whom Defendant sent a letter based upon Notice #1, within one year before the date of the original complaint, in connection with the collection of a consumer debt.

**Overshadowing Class:**
All persons with an Arizona address to whom Defendant, in connection with the collection of a consumer debt and within one year before the date of the original complaint, (1) sent a letter based upon Notice #2 within 30 days of sending a letter purporting to contain the notices required by 15 U.S.C. § 1692g(a); and/or (2) sent a letter based Notice #3 within 20 days of sending a letter purporting to contain the notices required by 15 U.S.C. § 1692g(a).

45. The classes are averred to be so numerous that joinder of members is impracticable.

46. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

47. The classes are ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

48. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues

include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

49. Plaintiff's claims are typical of those of the classes he seeks to represent.

50. The claims of Plaintiff and of the classes originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

51. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

52. Plaintiff will fairly and adequately protect the interests of the classes and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the classes.

53. Plaintiff is willing and prepared to serve this Court and the proposed classes.

54. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

55. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

56. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the classes, making final declaratory or injunctive relief appropriate.

57. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the classes predominate over any questions affecting only individual members.

58. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692g(a)(4)**

59. Plaintiff repeats and re-alleges each factual allegation contained above.

60. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

61. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

62. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

63. "To satisfy section 1692g's requirements, the notice Congress required must be conveyed effectively to the debtor." *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997) (quoting *Swanson v. Southern Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1227 (9th Cir. 1988)) (internal citations omitted); *see also Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) ("When § 1692g(a) requires that a communication include certain information, compliance demands more than simply including that information in some unintelligible form.").

64. With respect to § 1692g(a)(4), "[t]he statute is clear. The debt collector 'shall' notify the consumer of her right to dispute the debt in writing." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016); *see also Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013) ("[C]onsumers [must] take the extra step of putting a dispute in writing before claiming the more burdensome set of rights defined in § 1692g(a)(4), (a)(5) and (b)."); *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d

1078, 1081 (9th Cir. 2005) (explaining that a consumer can trigger the right to verification "only through written dispute").

65. Defendant violated 15 U.S.C. § 1692g(a)(4) by failing to meaningfully convey to Plaintiff that a dispute of the Debt, or any portion thereof, must be made in writing in order to obtain verification of the alleged debt or a copy of a judgment against Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as the class representative of the Initial Dun Class under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(4) with respect to Plaintiff and the Initial Dun Class;

c) Awarding Plaintiff and the Initial Dun Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other members of the Initial Dun Class such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and/or his counsel reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the Initial Dun Class pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(b)

66. Plaintiff repeats and re-alleges each factual allegation contained above.

67. To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

68. "More importantly for present purposes, the notice must not be overshadowed or contradicted by accompanying messages from the debt collector." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013).

69. The notice of a consumer's rights under § 1692g may be "overshadowed" by language within the validation letter itself. *See Gostony v. Diem Corp.*, 320 F. Supp. 2d 932, 938 (D. Ariz. 2003) ("The juxtaposition of two inconsistent statements' renders the notice invalid under § 1692g.") (quotations removed).

70. "Courts have recognized FDCPA claims where a defendant has provided notice that satisfies the letter, but not the spirit, of the FDCPA requirements." *Williams v.*

*Edelman*, 408 F. Supp. 2d 1261, 1271 (S.D. Fla. 2005) (citing *Avila v. Rubin,* 84 F.3d 222, 226 (7th Cir.1996)).

71.  Defendant violated 15 U.S.C. § 1692g(b) by using collection activities and communications during the 30-day period that overshadow or are inconsistent with the disclosure of Plaintiff's right to dispute the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as the class representative of the Overshadowing Class under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(b) with respect to Plaintiff and the Overshadowing Class;

c) Awarding Plaintiff and the Overshadowing Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other members of the Overshadowing Class such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and/or his counsel reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the Overshadowing Class pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

72. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: September 18, 2019

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorney for Plaintiff